UNIVERSAL FIXTURE CORPORATION *vs.* MENDEL MARK.

Bristol.    October 22, 1923. — November 28, 1923.

Present: RUGG, C.J., BRALEY, DECOURCY, PIERCE, & JENNEY, JJ.

*Conflict of Laws. Sale*, Warranty, Rescission.

Where, at the trial of an action for the purchase price of goods sold in the State of New York, the law of that State relating to the sale of goods is not in evidence, the action will be governed by the common law as interpreted by the courts of this Commonwealth.

At the trial of an action for the purchase price of a metal display fixture alleged to have been sold to the defendant under a contract in writing which, after a full description of the fixture, provided that it should remain the property of the plaintiff "until fully paid for," there was evidence warranting findings

that the fixture was received by the defendant; that when set up by experienced mechanics and properly connected with the municipal system of lighting, its oilcloth or canopy began to smoke and it could not be lighted; that then the current was disconnected and the defendant sent for the municipal wire inspector. Such inspector testified, without objection by the plaintiff, that " he examined the cloth texture and, finding that the loose ends of the cloth would burn when touched to a match and that the wiring was not enclosed, he considered the fixture a fire hazard and forbade its use in connection with the public current." The defendant then returned the fixture, prepaying the charges. *Held*, that

(1) It was a question of fact whether the plaintiff had delivered the display fixture described in the contract;

(2) It was proper to refuse to instruct the jury that, if they found " that the fixtures shipped to the defendant were those which were ordered, and that they were returned to the plaintiff because of some municipal ordinance, regulation or requirement peculiar to the " city where the defendant did business, " not disclosed by the defendant and made a part of the contract, the plaintiff must recover; "

(3) It was proper to refuse to rule that, " if any defect appeared in the canopy, there is no presumption that such defect existed when shipment was made, and the plaintiff is entitled to a reasonable opportunity to remedy it; "

(4) It was proper to refuse a ruling that there was no evidence " that the fixtures were not merchantable; " and to give an instruction to the jury that if they found that the defendant made out the defence that the implied warranty of merchantability had been broken because of the unworkable and dangerous condition of the fixture itself when received and placed in position for the purpose for which it was designed and sold, " he could rescind the sale, provided they also found that within a reasonable time after receiving the goods he shipped them back in as good condition as they were in when shipped; "

(5) It appearing that the jury were instructed, without any exception saved by the plaintiff, " that the fixture was ' shipped back in proper condition within a proper time,' " a contention before this court by the plaintiff that the notice of rescission was not given within a reasonable time and that therefore the implied warranty was discharged, must be overruled.

CONTRACT for $379.10, the purchase price of a metal display fixture alleged to have been sold by the plaintiff to the defendant under the terms of a contract in writing. Writ dated October 20, 1921.

In the Superior Court, the action was tried before *Qua*, J. Material evidence, rulings, and exceptions saved by the plaintiff are described in the opinion. The jury found for the defendant. The plaintiff alleged exceptions.

The case was submitted on briefs.

*A. S. Phillips & J. E. Lajoie*, for the plaintiff.

*T. F. Higgins & H. W. Shay,* for the defendant.

BRALEY, J.   This is an action of contract to recover damages for failure to pay for a metal display fixture sold to the defendant under a written contract which after a full description of the fixture provides that it shall remain the property of the plaintiff " until fully paid for." It was delivered to the carrier in the city of New York, the plaintiff's place of business, and in due course of transportation reached the defendant at Fall River, in this Commonwealth.

The law of the State of New York relating to sales of goods not having been put in evidence, the case is governed by the common law. *Callander, McAuslan & Troup Co.* v. *Flint,* 187 Mass. 104.

The jury could find on the evidence introduced by the defendant that when set up by an experienced carpenter and the wires of the fixture connected with the municipal lighting system, in a proper manner, the oilcloth or canopy of the fixture began to smoke and it could not be lighted. It also could be found " that there were five or six lamps with no metallic shades," and the electric current having been disconnected the defendant sent for the city wire inspector, who testified without objection by the plaintiff " that he examined the cloth texture and, finding that the loose ends of the cloth would burn when touched to a match and that the wiring was not enclosed, he considered the fixture a fire hazard and forbade its use in connection with the public current." The defendant thereupon returned the fixture and prepaid the charges.

The burden was on the plaintiff to satisfy the jury that it delivered " one of " its " display fixtures " as described in the contract, and they were so instructed.   It was a question of fact on all the evidence, which included the testimony of its president, whether the plaintiff had fulfilled this requirement, and the motion for a directed verdict, and the first, and ninth requests in so far as not given, that, " If the jury find that the fixtures shipped to the defendant were those which were ordered, and that they were returned to the plaintiff because of some municipal ordinance, regulation or requirement peculiar to the city of Fall River, not disclosed

by the defendant and made a part of the contract, the plaintiff must recover;" and "If any defect appeared in the canopy, there is no presumption that such defect existed when shipment was made, and the plaintiff is entitled to a reasonable opportunity to remedy it," were properly denied. *Hanson & Parker, Ltd.* v. *Wittenberg*, 205 Mass. 319, 328.

But the plaintiff was the manufacturer, and the defendant could show that, having been sold by description, the implied warranty of merchantability had been broken because of the unworkable and dangerous condition of the fixture itself when received and placed in position for the purpose for which it was designed and sold. The sixth request that there was no evidence that "the fixtures were not merchantable" flatly ignored the defendant's testimony, and the jury were correctly instructed, that if the defendant had made out this defence to their satisfaction he could rescind the sale, provided they also found that within a reasonable time after receiving the goods he shipped them back in as good condition as they were in when shipped. *Inter-State Grocery Co.* v. *George William Bentley Co.* 214 Mass. 227. It is urged that notice of rescission was not given within a reasonable time, and therefore the implied warranty was discharged. The jury however were told without any exception being taken by the plaintiff, that the fixture was shipped back in proper condition within a proper time, and the plaintiff having failed to show reversible error, the exceptions must be overruled.

*So ordered.*